UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN PHILLIP MAHONE, SR.,<br><br>Plaintiff,<br><br>v.<br><br>HALEY COX PN,<br>KRISTIN PARTAIN MD,<br>CENTURION HEALTH OF INDIANA,<br>MARIO MARUSO Nurse,<br>STRONG,<br>LISA HAMBLE,<br>A. COLE Warden,<br>C. FOX Deputy Warden,<br>BIRCH Nurse,<br><br>Defendants. | ) | No. 1:26-cv-01255-JPH-KMB |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Kevin Mahone, Sr., is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action alleging the presence of Legionella in the Pendleton water supply. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Mahone's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The complaint names as defendants (1) PN (Nurse) Cox; (2) Dr. Kristin Partain; (3) Centurion Health of Indiana; (4) Nurse Mario Maruso; (5) (unknown) Strong; (6) Lisa Hamble; (7) Warden A. Cole; (8) Deputy Warden C. Fox; and (9) Nurse Birch.

Mr. Mahone alleges that Warden Cole and Deputy Warden Fox have been aware of but failed to remediate Legionella contamination in the water at Pendleton since at least December 2021, when an inmate died from it. Specifically, quality control has been abandoned, water is not inspected, and shower filters have not been updated as needed.

On January 23, 2026, Mr. Mahone asked to be tested for Legionella after he began experiencing symptoms of headaches, abdominal pains, difficulty breathing, and coughing up phlegm. On January 27, Nurse Maruso gave Mr. Mahone a sample cup and bag to place it in. Later that night Mr. Mahone attempted to give a sample to Nurse Birch, who refused to take it because she did not have gloves and said she would return later, but she never did. Mr. Mahone gave the sample to non-defendant Nurse Mason the next morning. On January 29, Nurse Cox told Mr. Mahone that his sample had been destroyed on Dr. Partain's orders. Specifically, Nurse Cox related that his temperature had not been high enough (over 100) to warrant testing and that it was too expensive to test everyone who was having symptoms like Mr. Mahone's. Nurse Cox gave Mr. Mahone another sample collection cup and a medication for diarrhea.

On March 21, 2026, Mr. Mahone saw Dr. Partain. She told Mr. Mahone that "everyone in the facility has possible traces of 'legionella' and there's only one person who died in '2021' so don't be worried." Dkt. 1 at 3. Mr. Mahone told Dr. Partain that he was still experiencing symptoms, and she falsely accused him of missing an appointment the previous month. Mr. Mahone also alleges that "Centurion Healthcare LLC and Supervisors Lisa Hamble, MD Partain, (unknown) Strong . . . deny treatment unless symptoms are catastrophic . . . ." *Id.* at 9. Mr. Mahone also alleges that either Dr. Partain or Nurse Cox (it is not entirely clear from the wording of the complaint) told him "that the decision to watch inmates slowly die is above her pay grade . . . ." *Id.*

## III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Mahone has identified the theories he wishes to use—claims under the Eighth Amendment and Safe Drinking Water Act ("SDWA") and a state law claim for intentional infliction of emotional distress. Where a pro se litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Mr. Mahone's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, to state an Eighth Amendment claim against Nurses Maruso and Birch, Mr. Mahone must show that (1) he suffered an objectively serious medical condition; (2) the defendant in question knew of the condition and was deliberately indifferent to treating him; and (3) this deliberate indifference injured him. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 614 (7th Cir. 2022). The sole interactions with Nurses Maruso and Birch that Mr. Mahone describes in his complaint are that Nurse Maruso gave him the materials to provide a testing sample, and Nurse Birch declined to take the sample when Mr. Mahone attempted to give it to her. He did give it to a different nurse shortly thereafter,

and in any event, Dr. Partain later ordered that the sample be destroyed without being tested. These allegations fail to indicate how Mr. Mahone was injured by the actions or inactions of Nurses Maruso and Birch. Any Eighth Amendment claims against Nurses Maruso and Birch **are dismissed**.

Second, the state law tort of intentional infliction of emotional distress is when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another . . . ." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991) (citation omitted). "It is the intent to harm one emotionally that constitutes the basis for the tort of an intentional infliction of emotional distress." *Id.* Mr. Mahone has not sufficiently alleged that any defendant specifically intended to cause him emotional distress by his actions. *See id.* (holding plaintiff's allegation that defendant knew he dislike guns and that defendant intentionally wore a gun in plaintiff's presence was insufficient to state claim of intentional infliction of emotional distress). Any such claims **are dismissed**.

As for the SDWA, it was passed to establish uniform standards for public water systems and to reduce contamination in drinking water. 67 Am. Jur. Proof of Facts 3d 95 (Vinal, R. 2002) (citing 42 U.S.C. §§ 300f et seq.). The SDWA gives private persons authority to bring an enforcement action for injunctive relief, *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 105 (D. Mass 2019), but "there is no private right of action for damages arising from a violation of the SDWA." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 450 (6th Cir. 2017) (citation omitted); *see also Phan v. Aurora City Water Util. Admin.*, No. 21-CV-

00960-GPG, 2021 WL 5629068, at *1 (D. Colo. Apr. 13, 2021). Based on this, Mr. Mahone's SDWA claim **shall proceed** only against Warden Cole in his official capacity and only to the extent Mr. Mahone seeks injunctive relief. Any claims for damages against any Defendant under the SDWA **are dismissed**.

Additionally, Eighth Amendment deliberate indifference claims for damages **shall proceed** against Nurse Cox, Dr. Partain, Lisa Hamble, and Strong, and Eighth Amendment conditions of confinement claims **shall proceed** against Warden Cole and Deputy Warden Fox. Additionally, a claim against Centurion **shall proceed** under the theory recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) based on the implication that it has a policy or procedure of unreasonably restricting or denying testing for Legionella at Pendleton.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 6, 2026,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The **clerk is directed** to terminate Mario Maruso and Birch as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 10, 2026, dkt. [1], applicable forms (Notice of Lawsuit

and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Haley Cox, Dr. Kristin Partain, Strong, and Lisa Hamble are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion and its employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/9/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
Warden A. Cole
Deputy Warden C. Fox
(All at Pendleton Correctional Facility)

Electronic service to Centurion and employees
Dr. Kristin Partain
Nurse Haley Cox
Strong
Lisa Hamble

KEVIN PHILLIP MAHONE, SR.
170501
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only